**Hisham A. KHALEEL, Plaintiff,**

v.

**METRO ONE LOSS PREVENTION SERVICES GROUPS,**
**Defendant.**

**No. 05 CIV 9579.**

United States District Court,
S.D. New York.

Jan. 8, 2007.

Hisham A. Khaleel, pro se.

Eric Mark Nelson, New York, NY, for Defendant,

### *DECISION AND ORDER*

MARRERO, District Judge.

Pro Se Plaintiff Hisham A. Khaleel ("Khaleel") brought this action against defendant Metro One Loss Prevention Services Groups ("Metro One") asserting claims of discrimination and retaliation in employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq. Metro One has moved to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons described below, the motion is GRANTED.

## I. FACTS

Khaleel, who classifies himself in the complaint as being of white, Egyptian, Arabic and Muslim background, was employed by Metro One on an at-will basis as an unarmed security guard. On March 14, 2005, after approximately six months on the job, Khaleel was terminated. He claims discrimination allegedly on the basis of race, color, religion and disability. The medical condition he alleges in connection with his ADA claim is described as dental and nasal problems for which he requested to take days off to keep his dental appointments. (See Complaint ("Compl.") ¶ 7.) The complaint, to which Khaleel attached the record of his discrimination charge before the Equal Employment Opportunity Commission ("EEOC"), provides no particulars describing any connection between Khaleel's employment termination and his race, color or religion, or specifying the ADA qualifying disability he refers to and any associated adverse employment action taken by Metro One on account of it. In response to Metro One's motion, however, Khaleel filed a detailed recitation of ailments and impairments that he alleges derive from his dental and nasal condition, including damage to the side of his mouth, loss of teeth, difficulty chewing, speaking, breathing and digestive disorders.

Reading the complaint in its most favorable light, Khaleel suggests that Metro One failed to accommodate his disability and religion by not allowing him time off to attend to his medical appointments, and by requiring work on Fridays. In his retaliation claim, Khaleel asserts that three days prior to the effective date of his dismissal he filed a charge with the EEOC.

## II. STANDARD

On a motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and evaluates the sufficiency of the claims in the light most favorable to the plaintiff. In the case of a pro se litigant the Court is instructed to read the pleadings leniently and to construe them to raise "the strongest arguments that they suggest." See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994)). Dismissal of the complaint is appropriate only if it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## III. DISCUSSION

### A. ADA

■ To state a case under the ADA for discrimination on the basis of disability, a plaintiff must demonstrate that he is an individual with a disability as provided in the statute; that, with or without a reasonable accommodation, he is able to perform the essential functions of the job in question; and that the employer had notice of his disability and failed to provide such an accommodation. See Lyons v. Legal Aid Soc., 68 F.3d 1512, 1515 (2d Cir.1995). A disability is defined in the regulations promulgated pursuant to the ADA as any "physiological disorder, or condition, cosmetic disfigurement, or anatomical loss" that substantially limits a major life activity, such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. §§ 1630.2(h), (i).

■ The Court has found no authority to support a finding that the generalized dental and nasal problems Khaleel relies upon in the complaint constitute a sufficient disability under the ADA. Nor does Khaleel's description of his alleged disorder adequately specify how it substantially limits a major life activity, or otherwise impairs his ability to work as a security guard. Among the physical functions listed in his response that he claims are affected by his dental and nasal condition, Khaleel makes reference to "breathing/inhalation." Such functions qualify as major life activities under the ADA and may serve as a basis for a disability claim if the condition is sufficiently limiting. For the Court to assess whether the claimed impairment is substantially limiting, Khaleel must assert facts demonstrating "(1) the nature and severity of the impairment, (2) the duration or expected duration of the impairment and (3) the permanent or long-term impacts resulting from the impairment." *Schapiro v. New York City Dep't of Health,* 179 F.Supp.2d 170, 175 (S.D.N.Y.2001). Beyond Khaleel's indications that he needs regular appointments with his dentist for treatment, however, the description of the dental and nasal impairment he claims does not provide sufficient detail to permit an adequate evaluation of the severity of his impairment or how substantially limiting it actually is. Moreover, other than Khaleel's requests for time off for this dental appointments, the pleadings provide no indication that anyone at Metro One had notice of Khaleel's alleged disorder, or that Metro One terminated Khaleel or otherwise took any other materially adverse employment action specifically on account of his alleged dental or nasal disorder.

At best, what Khaleel's grievance amounts to is that Metro One failed to adjust his work schedule so as to accommodate his dental appointments. Khaleel states, however, that his work hours, with weekly variations, ordinarily were from 2:00 p.m. to 8:00 p.m., with Tuesdays and Wednesdays off. He fails to explain why his medical appointments could not be scheduled within the times and days he did not work, or whether Metro One had sufficient advance notice of his medical appointments.

On the basis of these considerations, the Court concludes that Khaleel has not made out a prima facie case supporting a claim of employment of discrimination under the ADA. However, the Court will grant Khaleel leave to replead to correct the deficiencies in his ADA claim described above.

B. *OTHER DISCRIMINATION CLAIMS*

■ Although Khaleel alleges discrimination based on race, religion, and national origin, he makes no allegation that any of these grounds was a substantial factor in the termination of his employment. There is no indication that he was replaced by another person not within any protected class he claims, that any such person was treated more favorably, or that there was evidence that other members of any of the protected classes he embraces suffered similar discrimination, so as to suggest that there were circumstances surrounding Metro One's alleged adverse action giving rise to a fair inference of discrimination. *See Collins v. New York City Trans. Auth.,* 305 F.3d 113, 118 (2d Cir.2002). Accordingly, because Khaleel has failed to make a sufficient showing of discrimination under Title VII on any of the grounds he asserts, these claims must be dismissed. However, the Court will grant leave to replead to cure these deficiencies.

C. *RETALIATION*

To state a prima facie claim of retaliation under the ADA or Title VII, Khaleel

must assert facts demonstrating that (1) he engaged in protected activity, (2) he suffered an adverse employment action taken by the employer, and (3) a causal connection exists between the activity and the adverse action. *See Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 46 (2d Cir. 1980).

 Khaleel's retaliation claim rests on an allegation that he filed a charge with the EEOC on Friday, March 11, 2005 and was terminated from his employment on Monday, March 14, 2005. Nowhere in the complaint or in Khaleel's opposition to the instant motion is there any allegation that he provided Metro One with a copy of his EEOC charge, or that Metro One otherwise had any notice about Khaleel's EEOC filing prior to his dismissal. Khaleel makes passing reference to taped conversations he allegedly had with Metro One, but he fails to provide any detail regarding the content of these conversations or when they took place. Thus, Khaleel has failed to plead facts sufficient to demonstrate Metro One's knowledge of the alleged protected activity or of any causal link between that activity and Khaleel's discharge. Accordingly, because Khaleel cannot make a prima facie of retaliation, his claim must be dismissed. However, the Court will grant leave to replead to address this deficiency.

### IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 7) of defendant Metro One Loss Prevention Service Group to dismiss the complaint of plaintiff Hisham A. Khaleel ("Khaleel") herein is GRANTED; and it is further

**ORDERED** that within thirty (30) days of the date of this order Khaleel may file an amended complaint addressing the deficiencies identified in the decision set forth above.

The Clerk of Court is directed to close this case.

**SO ORDERED.**